FILED

APR 1 3 2010

CLERK

# United States District Court
## DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Number: CR. 09-50057 |
| Plaintiff, | |
| vs. | **ORDER REVOKING ORDER OF RELEASE AND DETAINING DEFENDANT** |
| RENEE NOSSAN, | |
| Defendant. | |

This matter came before the court for a bond revocation hearing on motion of the government on Tuesday, April 13, 2010. The defendant, Renee Nossan, appeared in person and by her counsel, Monica Colbath. The United States appeared by the Assistant United States Attorney.

In accordance with the Bail Reform Act, 18 U.S.C. §3148, a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

[ ]  (1)  There is a serious risk that the defendant will not appear.

[ X ]  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes that:

The defendant is charged in an Indictment with Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Because the defendant was indicted by the grand jury, probable cause exists to believe that he committed the offenses with which he is charged.

The defendant is charged with a federal drug offense carrying a maximum penalty of ten years or more. Therefore, the drug offender presumption arises, i.e., it is presumed that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e).

In addition, the court finds by clear and convincing evidence that the defendant was previously ordered by the court, as a condition of her release, to obey all laws, to refrain from possession or use of any narcotic drug or controlled substance, and to submit to random testing to determine if she had used any narcotic drug or controlled substance and that she violated these conditions by missing a drug test,

using marijuana, and by violating a traffic law.

Based on the record herein, I find by a preponderance of the evidence that there is no condition or combination of conditions of release that will reasonably assure the safety of the community and that the defendant is unlikely to abide by any condition or combination of conditions of release.

In reaching these decisions, I have considered:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record;

(4) the nature and seriousness of the danger posed to other persons in the community if defendant were to be released;

(5) the rebuttable presumption against release of the defendant under 18 U.S.C. § 3142(e) because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act; and

(6) the allegations and evidence submitted to the court regarding the defendant's violation of the conditions of the previously-issued order of release.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated April 13, 2010.

BY THE COURT:

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE